The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. Plaintiff was employed by defendant-employer at all times relevant to this claim.
3. The Hartford is the carrier on the risk.
4. Plaintiff's average weekly wage is $876.80, which yields the maximum weekly compensation rate.
5. Plaintiff suffered an injury by accident on November 4, 1998, resulting in a right shoulder injury.
6. In addition, the parties stipulated into evidence the following:
1. Packet of medical records and reports.
2. Sixteen pages of records from occupational health services.
7. The Pre-Trial Agreement dated September 26, 2000 and submitted by the parties is incorporated by reference.
 ***********
Based upon the findings of fact found by the Deputy Commissioner and the evidence of record, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff, who was forty-eight years old at the time of the hearing before the Deputy Commissioner, had been employed by defendant-employer and its predecessor for twenty-three years. On November 4, 1998, plaintiff, a lead chemical processor at defendant-employer's plant who was responsible for mixing chemicals to form batches, sustained a compensable injury by accident when he fell four to five feet from a dike and landed on his right shoulder. X-rays taken at the emergency room that day indicated that he had sustained an inferior subluxation of the shoulder and an avulsion fracture of the greater tuberosity. The subluxation was reduced by the emergency room physician and his arm was placed in a sling. He was referred to Dr. McGillicuddy, an orthopedic surgeon, for follow-up care.
2. Dr. McGillicuddy examined plaintiff on November 5, 1998. X-rays taken that day revealed that plaintiff's shoulder was well reduced and the fracture was in a good position. Dr. McGillicuddy kept plaintiff's arm in a sling until December 1, 1998 and then gave him exercises to perform. Plaintiff was apparently assigned light-duty work at that time and continued to perform light duty work at the direction of the company doctor, Dr. Schultzaberger. On January 5, 1998, Dr. McGillicuddy ordered physical therapy to address the limitation of motion of plaintiff's shoulder joint. Even though plaintiff only had ninety degrees of normal motion on February 5, 1998, Dr. McGillicuddy released plaintiff from care and instructed him to continue with physical therapy and to do activities as tolerated. Despite the noted limitation of motion, Dr. McGillicuddy subsequently indicated that plaintiff would have no permanent partial impairment. Apparently, Dr. McGillicuddy saw plaintiff once more on June 3, 1999 and indicated in a cursory note that plaintiff had full range of motion and no permanent partial impairment.
3. Plaintiff continued to have limitation of motion of the shoulder with some weakness and occasional pain; consequently, plaintiff requested a second opinion. Accordingly, on September 29, 1999, plaintiff was evaluated by Dr. Leibelt who documented the limitation of motion of plaintiff's shoulder and noted mild impingement signs, although he indicated that plaintiff was doing very well from the injury. Dr. Leibelt rated plaintiff with a ten-percent permanent partial impairment in view of the persistent restriction of motion within the joint.
4. In view of the fact that Dr. McGillicuddy's rating did not consider the restriction of motion present in plaintiff's shoulder, which was a factor considered by two other physicians, Dr. McGillicuddy's rating is given little weight.
5. Plaintiff reached maximum medical improvement by September 29, 1999 sustaining a ten-percent permanent partial impairment to his right arm as a result of the accident of November 4, 1998.
6. Since there was a discrepancy in the ratings given, defendants defended this claim upon reasonable grounds.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $532.00 per week for twenty-four weeks for the ten-percent permanent partial disability he sustained to his right arm as a result of his injury by accident. G.S. § 97-31 (13) and (19).
2. Subject to the limitations of G.S. § 97-25.1, plaintiff is entitled to have defendants provide all reasonably necessary medical treatment arising from his injury by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of plaintiff's disability. G.S. § 97-2(19); G.S. § 97-25; G.S. § 97-25.1.
3. Plaintiff is not entitled to have attorney's fees assessed against defendants who defended this matter upon reasonable grounds. G.S. §97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $532.00 per week for twenty-four weeks for his permanent partial disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Subject to the limitations of G.S. § 97-25.1, defendants shall pay all reasonably necessary medical expenses incurred for so long as such expenses are for treatment which tends to effect a cure, provide relief or lessen the period of plaintiff's disability as a result of this injury by accident.
3. An attorney's fee in the amount of twenty-five percent of the compensation awarded is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
Defendants shall pay the costs due the Commission.
This the ___ day of September 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER